UNITED STATES of America, Plaintiff–Appellee,

v.

Tracey Lee SMITH, Defendant–Appellant.

No. 90–6112.

United States Court of Appeals, Tenth Circuit.

Nov. 6, 1990.

John E. Green, First Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Mac Oyler, Oklahoma City, Okl., for defendant-appellant.

Before SEYMOUR, BALDOCK and BRORBY, Circuit Judges.

SEYMOUR, Circuit Judge.

Tracey Lee Smith pled guilty to one count of passing counterfeit notes in violation of 18 U.S.C. § 473 (1988). The district

court sentenced Smith to twenty-seven months imprisonment and twenty-four months of supervised release. In addition, the court ordered restitution in the amount of $7,380, imposed a special assessment of $50, and imposed an alternative fine of $225,000 contingent upon Smith's receipt of insurance benefits under an insurance policy then in dispute.[1] Smith's primary assertion on appeal is that the district court applied the Guidelines incorrectly, thereby imposing an alternative fine outside the applicable guideline range. We agree. Accordingly, we vacate the alternative fine and remand for further sentencing proceedings.

Unfortunately, Smith did not object below to the amount of fine the district court imposed on him. However, we may review the sentence for plain error. *See United States v. Goodman*, 914 F.2d 696, 698 (5th Cir.1990); *United States v. McCall*, 915 F.2d 811, 814 (2d Cir.1990); *United States v. Lopez–Cavasos*, 915 F.2d 474, 475–76 (9th Cir.1990); *see also* Fed.R. Crim.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). In this case, as discussed below, the court committed an obvious error in selecting the appropriate fine range under the Guideline for fines. We believe that basing a sentence on the wrong Guideline range constitutes a fundamental error affecting substantial rights within the meaning of Rule 52(b). *Accord McCall*, 915 F.2d at 814 (basing sentence on wrong Guideline section fundamental error reviewable on appeal). We therefore turn to the merits of Smith's claim.

In reviewing a sentence imposed pursuant to the Sentencing Guidelines, we must give due deference to the district court's application of the Guidelines to the facts. *See United States v. Doyan*, 909 F.2d 412, 414 (10th Cir.1990); *United States v. Roberts*, 898 F.2d 1465, 1468–69 (10th Cir.1990). The circumstances of the particular case determines the amount of

---

**1.** This court was informed at oral argument that Smith had received the insurance benefits and had paid the fine under protest.

deference due. *See Roberts*, 898 F.2d at 1469. Here, we must ascertain whether the district court correctly determined the applicable range of fines given the facts as found, a circumstance in which a *de novo* standard of review is appropriate. *See id.* (determining which of several guidelines most appropriately applies to facts is subject to *de novo* review).

Guideline § 5E1.2 governs the imposition of fines for individual defendants.[2] That Guideline mandates a fine and establishes the fine range as follows:

"(a) Except as provided in subsection (f) below, the court shall impose a fine in all cases.

(b) Except as provided in subsections (f) and (i) below, or otherwise required by statute, the fine imposed shall be within the range specified in subsection (c) below. . . .

(c) (1) The minimum of the fine range is the greater of:

(A) the amount shown in column A of the table below; or

(B) the pecuniary gain to the defendant, less restitution made or ordered.

(2) Except as specified in (4) below, the maximum of the fine range is the greater of:

(A) the amount shown in column B of the table below;

(B) twice the gross pecuniary loss caused by the offense; or

(C) three times the gross pecuniary gain to all participants in the offense.

(3)

Fine Table

| Offense Level | A Minimum | B Maximum |
|---|---|---|
| . . . . | | |
| 16–17 | $5,000 | $50,000 |
| . . . . | | |

(4) Subsection (c)(2), limiting the maximum fine does not apply if the defendant is convicted under a statute authorizing (A) a maximum fine greater than $250,000, or (B) a fine for each day of violation. In such cases, the court may impose a fine up to the maximum authorized by the statute."

*Id.* (emphasis added).

■ The maximum fine in this case is governed by the fine table at section 5E1.-2(c)(3) unless subsection (c)(4) applies to lift the fine limit because "the defendant is convicted under a statute authorizing (A) a maximum fine greater than $250,000." Guideline § 5E1.2(c)(4). Smith was convicted of violating 18 U.S.C. § 473, which provides for a maximum fine of $5000. The alternative fine statute, 18 U.S.C.A. § 3571 (West Supp.1990), provides that a fine "not more than $250,000" may be imposed if the defendant has been convicted of a felony. *Id.* § 3571(b)(3). Even assuming the language of Guideline § 5E1.2(c)(4)(A) referring to the statute under which "the defendant is convicted" could be construed to include the alternative fine statute, which we doubt, "a maximum fine *greater* than $250,000," *id.* (emphasis added), is not the same as a fine *"not more than* $250,000," 18 U.S.C.A. § 3571(b)(3) (emphasis added). Thus, subsection (c)(4) is not applicable, and the maximum fine is established by the fine table set out in section 5E1.2(c)(3).

■ It is undisputed on appeal that Smith's base offense level is seventeen. The fine range for a level seventeen under the subsection (c)(3) fine table is $5000 to $50,000. Notwithstanding the fine table, the district court, perhaps relying upon an erroneous statement in the presentence report, stated that the applicable range for a level seventeen is $7,500 to $250,000, *see* rec., vol. I, doc. 17 at 1, and imposed a fine of $225,000, *id.* at 3. The fine is thus the result of an incorrect application of the Guidelines and outside the applicable guideline range.

■ The Government's arguments on appeal in support of this clearly improper fine are totally lacking in merit. We cannot agree with the Government's apparent contention that the district court's reasons for imposing sentence can be read to sup-

---

**2.** The district court held that Smith's sentence was to be determined under the Guidelines in effect during the month of October, 1989. At that time, Guideline § 5E1.2 was designated § 5E4.2. Its current designation as § 5E1.2 became effective November 1, 1989. *See* Guidelines App. C, amend. 302.

port a departure from the Guidelines when the district court specifically found that no grounds for departure existed. *Id.* at 2.[3] We likewise cannot agree that the district court is authorized by the alternative fine statute, 18 U.S.C.A. § 3571, to disregard the Guidelines for fines so long as the fine imposed is within the statutory maximum of $250,000. This argument runs contrary to the very basis of guideline sentencing, which limits a court's sentencing discretion by establishing ranges of sentences that are ordinarily below the maximum set by statute. Indeed, a defendant is specifically authorized by statute to appeal a sentence if it "is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes *a greater fine ... than the maximum established in the guideline range.*" 18 U.S.C.A. § 3742(a)(3) (West Supp.1990) (emphasis added). The cases cited by the Government to support its position either involve conduct occurring before the effective date of the Sentencing Guidelines, *see United States v. Weir,* 861 F.2d 542 (9th Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989); *United States v. Condon,* 816 F.2d 434 (8th Cir.1987); *United States v. Hack,* 782 F.2d 862 (10th Cir. 1986), *cert. denied, Owens v. United States,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986), or are otherwise inapposite, *see United States v. Pyatt,* 725 F.Supp. 885 (E.D.Va.1989) (review of fine imposed by magistrate for violation of federal regulation; applicability of guidelines not raised or addressed); *United States v.*

*Franco,* 691 F.Supp. 1036, 1044–45 (E.D. Ky.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 340, 107 L.Ed.2d 329 (1989) (defendants held to lack standing to challenge Guidelines).

In sum, we conclude that the alternative fine imposed here is unquestionably in excess of the maximum established ·by the Guidelines, and we find nothing in this record to indicate that the court intended to depart upward or had a rationale for doing so. Accordingly, we vacate the fine and remand for resentencing in light of this opinion.[4]

REVERSED AND REMANDED.

---

3. The district court stated that the reasons for imposing sentence were punishment and deterrence. *See* rec., vol. I, doc. 17 at 3. However, these factors are among those the court must consider in determining the amount of a fine *within* the guideline range. *See* Guideline § 5E1.2(d)(1).

4. In his brief on appeal, Smith also asserted: (1) that the district court erred in refusing to depart downward on the basis of Guideline § 5K2.12; (2) that requiring a Government motion for a downward departure under Guideline § 5K1.1 is a violation of the separation of powers and a denial of due process; and (3) that the Government was bound to give such a recommendation under the circumstances of this case. At oral argument, Smith conceded that under this

court's opinion in *United States v. Davis,* 900 F.2d 1524, 1529–30 (10th Cir.1990), we have no jurisdiction to hear an appeal from a refusal to depart downward. Smith also conceded that our opinion in *United States v. Kuntz,* 908 F.2d 655 (10th Cir.1990) forecloses his constitutional challenges. We indicated in *Kuntz* that an exception to its holding might be available in an egregious case "'where the prosecution stubbornly refuses to file a motion despite overwhelming evidence that the accused's assistance has been so substantial as to cry out for meaningful relief....'" *Id.* at 657 (quoting *United States v. La Guardia,* 902 F.2d 1010, 1017 (1st Cir.1990)). We have reviewed the record and are satisfied that such a situation is not present here.