989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Leon Aeron JOHNSON, a/k/a Pedro, Defendant-Appellant.
 No. 92-5028.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 10, 1993
Decided: March 8, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CR-91-136-N)
 Oscar H. Blayton, Hampton, Virginia, for Appellant. Richard Cullen, United States Attorney, Ronald Batliner, Jr., Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before PHILLIPS, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Leon Johnson was convicted by a jury of three counts of violating 21 U.S.C.A. § 841 (West Supp. 1991) and acquitted of one count. On appeal Johnson alleges that hearsay testimony prejudiced his conviction and that the district court made several improper findings resulting in enhancements to Johnson's sentence. We affirm in part and reverse in part.
 
 
 2
 * During June 1991, several detectives staked out a corner in Virginia Beach and observed and videotaped Johnson's activities. Johnson proceeded to set up lookouts and make several drug transactions. When the police arrested Johnson, he had five twenty-dollar bills in his possession and twenty-nine cocaine rocks were discovered nearby. Johnson was indicted on four counts of violating 21 U.S.C.A. § 841. At trial, both eyewitness testimony and the videotapes were introduced. The jury found Johnson guilty of three of the four counts of distribution charged against him and dismissed the fourth count. Johnson was sentenced pursuant to the Sentencing Guidelines for a term of 188 months in prison.
 
 II
 
 3
 During Johnson's trial, Detective Bishop testified that he overheard a gentlemen say in Johnson's presence that he was driving Johnson because Johnson had a suspended license.[1] Johnson asserts that the district court abused its discretion by allowing Detective Bishop to testify to the third party's statement. The district court found that the statement was an adopted admission of Johnson's.
 
 
 4
 A statement is considered an adoptive admission if the circumstances were such that the defendant would normally be induced to respond, United States v. Moore, 522 F.2d 1068, 1075 (9th Cir. 1975), cert. denied, 423 U.S. 1049 (1976), and if sufficient foundational facts have been introduced for the jury to reasonably conclude that the defendant did actually hear, understand, and accede to the statement. United States v. Basic Constr. Co., 711 F.2d 570, 573 (4th Cir.), cert. denied, 464 U.S. 956 (1983). Detective Bishop testified that Johnson was walking with the declarant when the statement was made, and that since the detective heard it across the street, Johnson must have heard it from his location. Further, because Johnson had driven the car on several occasions earlier that day, and thus was not adverse to driving alone without a license, some response contradicting the statement would normally be induced if Johnson disagreed with it. Under these circumstances, the district court did not abuse its discretion in admitting the statement.
 
 
 5
 However, even if the district court was in error in this respect, we find the error harmless in this case. There was ample evidence to convict Johnson of the crime without this tangential statement, including eyewitness testimony of the detective, videotape of the drug transactions, and the confiscated drugs and money. Thus, Johnson's claim is without merit.
 
 III
 
 6
 Johnson's other claims attack the validity of his sentence. First, he argues that the district court had no authority to find Johnson guilty of the acquitted count for sentencing purposes. This claim is meritless. This Court held in United States v. Isom, 886 F.2d 736 (4th Cir. 1989), that it is not unconstitutional for a defendant to be found guilty of an acquitted count at sentencing since the standard is merely preponderance of the evidence and not the stricter standard required at trial. We find no error here.
 
 
 7
 Johnson also argues that the district court erred in giving him an upward adjustment of two pursuant to section § 3B1.1(c)[2] for a managerial or supervisory role in the crime. We review a district court's findings of fact regarding this adjustment for clear error. The government must establish the basis for the adjustment by a preponderance of the evidence. United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989). At the sentencing hearing, Detective Bishop testified that Johnson directed an unidentified individual with a pair of binoculars to operate as a lookout during the drug sales. Bishop also testified that this was standard procedure in drug selling scenarios. Johnson admitted no evidence to contradict this testimony. Thus, the enhancement was proper.
 
 
 8
 Additionally, Johnson argues that the district court erroneously relied on an unofficial map to find that he had sold drugs within 1000 feet of a protected area. We find that there is sufficient evidence to support the district court's finding without consideration of the map. Detective Bishop testified at sentencing that the distance between the drug selling site and the school was 120 yards, and the government provided another map to support that testimony. Johnson provided no evidence to contradict the government's showing. Thus, the district court did not err in finding that the evidence established that Johnson sold drugs near a protected area.
 
 IV
 
 9
 Finally, we take notice that the district court improperly applied section 2D1.2 to enhance Johnson's sentence for a drug offense near a protected area. Although Johnson did not raise this issue on appeal, we have the power to correct plain errors under Fed. R. Crim. P. 52(b). See United States v. Maxton, 940 F.2d 103, 105 (4th Cir. 1991). We reserve use of this power for exceptional cases that "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985). Application of an improper guideline range constitutes fundamental error affecting substantial rights. United States v. Smith, 919 F.2d 123, 124 (10th Cir. 1990).
 
 
 10
 Under the Sentencing Guidelines, the process for determining the applicable guideline section is governed by section 1B1.2. This section requires that the choice of guideline is controlled by the offense of conviction or indictment. See U.S.S.G.s 1B1.2. Section 2D1.2, relied on to enhance Johnson's offense level, applies only to crimes committed in violation of 21 U.S.C.A. §§ 859, 860 and 861 (West Supp. 1992). Johnson was not indicted or convicted under any of these statutes. Additionally, an examination of sections 2D1.1 and 1B1.3, governing relevant conduct, reveal that section 2D1.2 cannot be considered relevant conduct under these two sections.[3] See United States v. Midgett, 972 F.2d 64 (4th Cir. 1992) (where applicable guideline and statute of conviction do not permit enhancement for actions of defendant, enhancement as relevant conduct is inappropriate). Therefore, section 2D1.2 could not properly be used as a basis for enhancing Johnson's offense computation.
 
 IV
 
 11
 In conclusion, we affirm the district court's admission of the adoptive admission at trial, and his findings of fact at sentencing. However, we reverse the district court's two-point enhancement of Johnson's sentence for distribution near a protected area and remand for resentencing on that issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED
 
 
 
 [1]
 The government used this evidence as a foundation for later testimony that drug dealers commonly have other people, with driver's licenses, drive them to evade police searches
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [3]
 Relevant conduct under section 1B1.3 assists the computation of the proper guideline range under the appropriate guideline, in this case section 2D1.1, where more than one base offense level is specified, where there are specific offense characteristics, where there are cross-references to other guideline sections, and where adjustments under Chapter Three are applicable. U.S.S.G. § 1B1.3. Under section 2D1.1, the only conduct relevant to evaluating the base offense level is the quantity of drugs involved in the crime, whether a weapon was used in the crime, and if the offense involved importation of drugs by air. None of these factors relate to the location of the drug transactions. Moreover, section 2D1.1 contains no cross-references to section 2D1.2, and the two-point enhancement is not properly categorized as an adjustment under Chapter Three