993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
George W. TURLEY, Defendant-Appellant.
 Nos. 92-3162, 92-3163.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1993.
 
 Before SEYMOUR, ANDERSON and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 George W. Turley was indicted in two separate cases in federal court in Kansas. These cases are consolidated for appeal. In No. 91-3162, Mr. Turley pled guilty to conspiring to commit accessory after the fact to a bank robbery in violation of 18 U.S.C. § 371 (1988). In No. 92-3163, he pled guilty to one count of wire fraud for registering an automobile in Oregon rather than Kansas in violation of 18 U.S.C. § 1343 (1988). Mr. Turley appeals the imposition of fines, claiming that he is indigent and that the fines violate the Eighth Amendment's prohibition against imposing excessive fines. We order a reduction in one of the fines, but we otherwise affirm.
 
 
 3
 After Mr. Turley's guilty plea was accepted, a presentence report was prepared. Mr. Turley objected to portions of the report detailing his ability to pay fines and restitution. The district court overruled all but one of Mr. Turley's objections. See rec., supp. vol. I., at 12-14, 20 (No. 92-3162).[1] In his first case, Mr. Turley was sentenced to 60 months imprisonment and fined $75,000 plus his costs of incarceration and supervised release, as well as being ordered to pay $33,842.25 in restitution. In the wire fraud case, he was sentenced to a consecutive term of incarceration of eighteen months. He was also ordered to pay a fine of $10,000 plus the costs of incarceration and supervised release and $13,962.04 in restitution. Mr. Turley appeals from the orders in both cases.
 
 
 4
 Mr. Turley's primary complaint is that the calculation of his financial resources in the presentence report is inaccurate. He claims that, due to much of his property being the subject of forfeiture proceedings by the United States, he is presently indigent and cannot afford to pay the fines and restitution. Mr. Turley concedes that the fines and restitution imposed by the district court are within the guidelines, but asserts that their imposition violates the Eighth Amendment.
 
 
 5
 A district court's sentencing decision is reviewed under an abuse of discretion standard. United States v. Jimenez, 928 F.2d 356, 364 (10th Cir.), cert. denied, 112 S.Ct. 164 (1991). We review a district court's application of the sentencing guidelines de novo, and a court's findings of fact are accepted unless clearly erroneous. United States v. Short, 947 F.2d 1445, 1456-57 (10th Cir.1991), cert. denied, 112 S.Ct. 1680 (1992); United States v. Kirk, 894 F.2d 1162, 1163 (10th Cir.1990).
 
 
 6
 Mr. Turley's first argument is that he is indigent. He therefore asserts he cannot afford to pay the fines. In each of his cases, the district court found that the calculation of his financial situation in the presentence report was accurate and that Mr. Turley would be able to pay the fines and restitution imposed. Rec., supp. vol. I, at 14, 24, 27 (No. 92-3162); Rec., supp. vol. I, at 14, 15 (No. 92-3163). By subtracting property subject to forfeiture, the government arrived at a net worth for Mr. Turley of $204,484.00. Appellee's Br. at 8. Mr. Turley did not dispute this figure in a reply brief and appears to rely on his claim that because he was declared indigent at the time counsel was appointed, he therefore has no assets to report. As the government points out, however, "[a] person may be financially unable to obtain counsel for a variety of reasons unrelated to wealth or indigency, such as here where the defendant was in custody, his assets were mostly tied up in real estate, and he did not have immediate access to his records." Appellee's Br. at 7. The conclusion of indigency sufficient to require appointed counsel at the beginning of a criminal action does not preclude the court from subsequently finding defendant has the ability to pay a fine. We have reviewed the record, and we are not persuaded the district court erred in finding that Mr. Turley was able to pay the fines and restitutions.
 
 
 7
 Mr. Turley also contends that the fines imposed were so excessive as to violate the Eighth Amendment. Given our previous discussion, his argument fails insofar as it relies on his alleged indigent status. Nonetheless, we examine Mr. Turley's claim that the fines imposed fail the proportionality analysis set forth in Solem v. Helm, 463 U.S. 277, 290-92 (1983). This court has summarized the Solem three part test as "comparison of the [fine] imposed with (1) the gravity of the offense; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed on others convicted of the same crime in other jurisdictions." United States v. Pena, 920 F.2d 1509, 1517 (1990), cert. denied, 111 S.Ct. 2802 (1991) ( citing Solem, 463 U.S. at 290-92).[2] Because we reduce the fine in case no. 92-3162, see infra, the fines imposed in this case are within the guideline range, and the district court found that Mr. Turley has adequate financial resources to meet these costs. We conclude there is no violation of the Eighth Amendment.
 
 
 8
 We next address the amount of the fine imposed in No. 92-3162 for conspiring to commit accessory after the fact. The district court reduced Mr. Turley's guideline range by two points for acceptance of responsibility. This reduction placed Mr. Turley in a new guideline range for which the maximum fine he could receive is $60,000. He did not object below to the actual fine imposed, $75,000, and the government argues that we cannot address this issue unless we find plain error.
 
 
 9
 Mr. Turley's offense level was 19. The guideline range for fining a level 19 offense is $6000 to $60,000. U.S.S.G. § 5E1.2(c)(3) (Nov. 1992). A fine of $75,000 is an incorrect application of the guidelines. The failure of the district court to give justification for departing $15,000 over the maximum amount constitutes plain error. See United States v. Smith, 919 F.2d 123, 124 (10th Cir.1990). We therefore order that Mr. Turley's fine in Case No. 92-3162 be reduced from $75,000 to the guideline maximum of $60,000. We AFFIRM the district court's opinions in both cases on the remaining issues.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court agreed with Mr. Turley that he should receive a two point decrease for acceptance of responsibility in the conspiracy case
 
 
 [2]
 The Solem three part proportionality analysis has been questioned by some justices of the Supreme Court in Harmelin v. Michigan, 111 S.Ct. 2680 (1991). Justice Scalia and Rehnquist agreed that the Eighth Amendment contains no proportionality guarantee. Id. at 2686. Justices Kennedy, O'Connor and Souter would impose a threshold requirement in the Solem test, requiring that the first part be satisfied before assessing parts 2 and 3.) Id. at 2707. Because of our disposition, we find it unnecessary to consider the vitality of the Solem analysis