**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

APR 2 2001

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

GREGORY GORDON,

      Defendant - Appellant.

No. 00-7051
(D.C. No. 99-CV-634-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Gregory Gordon, an inmate appearing pro se, seeks to appeal from the

denial of his 28 U.S.C. § 2255 motion. Mr. Gordon pled guilty to possession with

intent to distribute cocaine base and criminal forfeiture and was sentenced to 180

months in accordance with the plea agreement and five years supervised release.

The court also ordered forfeiture of several items. On direct appeal, Mr. Gordon

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

challenged the district court's imposition of a two-level upward adjustment based upon his role in the offense pursuant to U.S.S.G. § 3B1.1(c). Because trial counsel did not object to the adjustment and it did not constitute plain error, we affirmed. United States v. Gordon, No. 97-7130, 1998 WL 704684, at * 2 (10th Cir. Oct. 2, 1998).

In his § 2255 motion, Mr. Gordon contends that (1) the government breached the plea agreement by failing to file a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and Fed. R. Crim. P. 35(b), (2) his plea was not intelligently entered into because it lacked a factual basis, and (3) defense counsel was ineffective for not objecting to the U.S.S.G. § 3B1.1(c) increase. The district court reached only the ineffective assistance claim, holding that the other claims were barred because they were not raised on direct appeal. R. Doc. 9.

The plea agreement provided that the government could file a substantial assistance motion within one year of sentencing. Aplt. Br. at 2. Hence, the claim is not barred because this claim could not be raised on direct appeal–the government had a year to act. On the merits, however, the claim fails. The plea agreement indicates that the filing of such a motion is discretionary, i.e. "the United States may, within one year after sentencing herein, move the Court to order relief . . . ." R. Doc. 7 at 7. Also, Mr. Gordon has not shown cooperation that would trigger the government's obligations. Having determined that the

government did not breach the plea agreement in this regard, the relevant focus would be whether the government acted based upon an unconstitutional motive, something not claimed here. United States v. Duncan, Nos. 00-2013, 00-2014, 2001 WL 237298, at * 6 (10th Cir. Mar. 9, 2001).

At the change of plea hearing, Mr. Gordon admitted to "smoking a little crack with the intention to sell some, keep my habit up, and that's when I made the purchase," R. Doc. 7 at 8 (quoting Tr. at 29), and that the money to obtain the items he forfeited came from crack sales and prostitution. Id. (quoting Tr. at 38). Mr. Gordon's admissions during the change of plea hearing are entitled to great weight, see Blackledge v. Allison, 431 U.S. 63, 74 (1977), and a district court may rely on any part of those proceedings in determining that a factual basis exists under Fed. R. Crim. P. 11(f), United States v. Keiswetter, 860 F.2d 992, 995-96 (10th Cir.1988). Thus, Mr. Gordon's claim that his plea was not knowing and voluntary for want of a factual basis has no merit and we need not reach the issue of procedural bar.

Finally, we agree with the district court that defense counsel's performance was not deficient in failing to raise an objection to the § 3B1.1(c) role in the offense adjustment, as the plea agreement expressly stated that "[t]he parties contemplate a role adjustment pursuant to 3B1.1(c) of 2 levels." R. Doc. 7 at 9 (quoting Doc. 47 at 3). Mr. Gordon has not shown that he would have insisted

- 3 -

upon a trial had his counsel not acquiesced in the role in the offense adjustment. <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985).  That is a doubtful proposition given the ten other drug-trafficking related counts that were dismissed pursuant to the plea agreement.

We DENY leave to proceed in forma pauperis, DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge