EBEL, Circuit Judge,
dissenting.
In my view, Mendez-Lopez’s prior three-count conviction for “Fleeing and Eluding, Speeding, and Not Possessing a Driver’s License” is similar to crimes that should have been excluded from a defendant’s criminal history score pursuant to U.S.S.G. § 4A1.2(c). This change would affect Mendez-Lopez’s appropriate sentencing range, and merit reversal and remand for resentencing under our case law. I therefore respectfully dissent.
Under U.S.S.G. § 4A1.2(c), certain sentences for misdemeanor and petty offenses are not counted toward a defendant’s criminal history score if they are “similar” to any crimes on a list given in the guideline, except that they may be counted if the defendant received a term of probation of at least a year (or a term of imprisonment of at least thirty days) for the crime or if the prior offense is similar to the instant offense for which he is being convicted.[1] U.S.S.G. § 4A1.2(c). Under our case law, district court application of an incorrect sentencing range would constitute plain error, and merit reversal and remand for resentencing. United States v. Smith, 919 F.2d 123, 124 (10th Cir.1990); United States v. Occhipinti, 998 F.2d 791, 801-02 (10th Cir.1993).
In his March 1996 conviction for “Fleeing and Eluding, Speeding, and Not Possessing a Driver’s License,” Mendez-Lo *1162 pez did not receive a term of probation of at least a year, a term of imprisonment of at least thirty days, nor is there any argument that these offenses were similar to his instant conviction for drug trafficking.[2] The question thus joined is whether the three counts of his previous conviction were “similar” to crimes on the list provided in U.S.S.G. § 4A1.2(c).[3]
In United States v. Perez de Dios, 237 F.3d 1192 (10th Cir.2001), we approved the Eighth Circuit’s approach finding that “similar” should be given its “ ‘normal’ or dictionary meaning — ‘[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.’” Id. at 1198; see also id. (describing an Eleventh Circuit case in which the court concluded that military AWOL was “similar” to contempt of court and hindering or failing to obey a police officer because “[t]hese offenses similarly involve a disregard for lawful authority”). We have specifically distinguished our approach from the “elements approach” employed by First, Third, and Fourth Circuits, and urged by the government in this case, which is a “slightly narrower inquiry” comparing the legal elements of prior and current offenses. Id.
There are several crimes on the list in U.S.S.G. § 4A1.2(c) that would “[n]early correspond[ ]; resembl[e] in many respects; [be] somewhat alike; [or] hav[e] a general likeness” to each of Mendez-Lopez’s counts. The crimes similar to “Fleeing and Eluding” are “Resisting Arrest” or “Hindering or Failing to Obey an Officer.” U.S.S.G. § 4A1.2(c)(l). The parties suggest that the crime similar to “Speeding” is “Careless or Reckless Driving.” Id. An even more fitting comparable for this crime is “Minor traffic infractions (e.g., speeding),” which is listed under the next subsection of the guideline as a conviction that should never be counted towards a defendant’s criminal history score. U.S.S.G. § 4A1.2(e)(2). The crime similar to “No Driver’s License in Possession” is “Driving without a License or with a revoked or suspended license.” U.S.S.G. § 4A1.2(c)(1).
In light of the holding of Perez de Dios, arguments to parse the elements of crimes farther should not be entertained, and notice of the “ ‘normal’ or dictionary” resemblance between the offenses for which Mendez-Lopez was convicted and those listed in U.S.S.G. § 4A1.2(c) should prevail. Perez de Dios, 237 F.3d at 1198.
*1163 Had Mendez-Lopez’s March 1996 conviction not been considered in his criminal history score, his sentencing range would have dropped from 46-57 months to 41-51 months.[4] Because application of U.S.S.G. § 4A1.2(c) would have changed Mendez-Lopez’s sentencing range, the district court’s failure to apply the guideline constituted plain error. Smith, 919 F.2d at 124. I therefore respectfully dissent on this issue and would reverse and remand for Mendez-Lopez to be resentenced under the appropriate guideline range.

. The text of U.S.S.G. § 4A1.2(c) reads:
(c) Sentences Counted and Excluded Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
(1) Sentences for [a] following [list of] prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense.

. For Count I of the March 1996 conviction (“Fleeing and Eluding”), Mendez-Lopez received a $100 fine and a $29 assessment of court costs. (PSR ¶ 24.) For Count II ("Speeding (43/30 mph)”), he received a fine for $35. (Id.) For Count III ("No Driver’s License in Possession”), he was fined $25, given a 90-day jail sentence (this was suspended so it does not count in the calculation under U.S.S.G. § 4A1.2(c) — see U.S.S.G. § 4A1.2(b)(2)), and eight months of probation. (Id.) The eight months of probation were as to each count, see PSR ¶ 24, but were presumably served concurrently, not consecutively.

. The list of crimes in U.S.S.G. § 4A1.2(c)(1) includes: "Careless or reckless driving; Contempt of court; Disorderly conduct or disturbing the peace; Driving without a license or with a revoked or suspended license; False information to a police officer; Fish and game violations; Gambling; Hindering or failure to obey a police officer; Insufficient funds check; Leaving the scene of an accident; Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law); Non-support; Prostitution; Resisting arrest; [and] Trespassing.”
The list of crimes in U.S.S.G. § 4A1.2(c)(2) include: "Hitchhiking; Juvenile status offenses and truancy; Loitering; Minor traffic infractions (e.g., speeding); Public intoxication; [and] Vagrancy.” Sentences for crimes similar to these are never to be counted.

. The old sentencing range was calculated with an offense level of 22 and a criminal history score of 2. After application of U.S.S.G. § 4A1.2(c), Mendez-Lopez’s offense level would have remained constant, but his criminal history score would have dropped to 1.