**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DOUGLAS LEE McDONALD,

      Defendant-Appellant.

No. 04-6141
(D.C. No. CR-03-0187-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

      This case is before us on direct criminal appeal of a sentence imposed after defendant Douglas Lee McDonald's plea of guilty to bank fraud. McDonald argues both that his sentence was incorrectly calculated and that it violated United States v. Booker, 125 S. Ct. 738 (2005); he contends, and the government concedes, that the amount of intended loss was incorrectly calculated because $2300 was double-counted, resulting in an increase to the adjusted offense level

---

    * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of two levels and a sentence that was sixteen months higher than that authorized absent the error. McDonald also contends that judicial factfinding on the amount of intended loss as "relevant conduct" under the Guidelines violated Booker. Exercising jurisdiction under 28 U.S.C. § 1291, we **REVERSE** and **REMAND** for resentencing.

McDonald pled guilty to a one-count indictment for bank fraud which alleged that McDonald deposited a $5000 check drawn on a non-existing account, and subsequently withdrew $2300 from that account. The court also considered as relevant conduct McDonald's having convinced his mother and stepfather to write fraudulent checks and loan his bail agent $250,000. As part of its "relevant conduct" calculation, the Pre-Sentence Report ("PSR") added both the $5000 deposit and the subsequent $2300 withdrawal from that $5000 deposit to the $394,730.60 calculated as "relevant conduct" under U.S.S.G. § 2B1.1(b)(1)(H), which increased the total amount of intended loss to over $400,000. Because the double-counting of the $2300 resulted in an increase of the total intended loss to over $400,000, the applicable total adjusted offense level increased by two levels resulting in an applicable Guideline range of 70-87 months, as opposed to a range of 57-71 months without the error. The district court sentenced McDonald to 87 months' imprisonment, a sentence sixteen months higher than that authorized by the correct Guideline range.

McDonald contends that both the erroneous double-counting, and judicial factfinding on the amount of intended loss under § 2B1.1(b)(1)H) which he argues is prohibited under Booker, are plain error requiring remand for resentencing. The government concedes that the double-counting error requires remand, but argues that because this error requires remand for resentencing we need not address the Booker error alleged by McDonald.

McDonald failed to raise below the issue of the district court's double-counting of the $2300 under § 2B1.1(b)(1)(H). Thus, our review is limited to plain error. Fed. R. Crim. P. 52(b). Plain error is (1) error, (2) that is plain, (3) that affects substantial rights of a defendant, and (4) that seriously affects the fairness, integrity, or public perception of judicial proceedings. Johnson v. United States, 520 U.S. 461, 467 (1997). We have long held that "basing a sentence on the wrong Guideline range constitutes a fundamental error affecting substantial rights within the meaning of Rule 52(b)," United States v. Smith, 919 F.2d 123, 124 (10th Cir. 1990), "if there is more than a reasonable probability that such misapplication led to a higher sentence." United States v. Taylor, ___ F.3d ___, 2005 WL 1519115 *5 (10th Cir. Jun. 28, 2005). In this case, the double-counting increased the adjusted offense level by two levels and resulted in the district court's adjudging a sentence that was 16 months higher than that authorized by the correct Guideline range. Accordingly, there is more than a

reasonable probability that the district court's error led to a higher sentence, and

we **REVERSE** and **REMAND** for resentencing.[1]

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[1] Because we conclude that the court committed plain error in basing its sentence on the incorrect Guideline range, and remand for resentencing, we do not address McDonald's Booker argument as his resentencing will occur in the new discretionary sentencing regime applicable post-Booker.