**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 10, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOUGLAS LEE McDONALD,

Defendant - Appellant.

No. 05-6328
(W.D. Oklahoma)
(D.Ct. No. CR-03-187-01)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On November 5, 2003, Douglas Lee McDonald pled guilty to one count of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

bank fraud in violation of 18 U.S.C. § 1344(2). McDonald entered his plea without the benefit of a plea agreement. The Presentence Investigation Report (PSR) determined the applicable guideline range was 70 to 87 months, before factoring in its recommendation for a three point reduction for acceptance of responsibility. McDonald challenged various factual matters in the PSR. On April 26, 2004, the district court denied the recommended downward adjustment for acceptance of responsibility and sentenced McDonald to 87 months imprisonment. McDonald appealed the sentence, arguing, *inter alia*, the amount of intended loss was miscalculated resulting in a higher sentencing range. We agreed and remanded the case for resentencing. *See United States v. McDonald*, 141 Fed. Appx. 740 (10th Cir. 2005). We did not address McDonald's challenge to his sentence based on *United States v. Booker*, 543 U.S. 220 (2005). *McDonald*, 141 Fed. Appx. at 742 n.1. On September 15, 2005, the district court on remand again denied the downward adjustment for acceptance of responsibility, as well as the government's motion for an upward departure, and sentenced Douglas to 71 months imprisonment.[1] In this appeal, McDonald challenges the district court's refusal to grant him a downward adjustment for acceptance of responsibility and argues his sentence violates *Booker*. We exercise

[1] Absent the three point downward adjustment for acceptance of responsibility, the guideline range was 51 to 71 months imprisonment. This was based on a criminal history category of VI and an offense level of 18.

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

**Discussion**:

*I. Acceptance of Responsibility*

McDonald argues he is entitled to the downward adjustment for acceptance of responsibility because he "never denied his conduct relating to what was charged in the indictment" and the "government was never required to make its proof to the matters charged against the defendant." (Appellant's Br. at 8.)

"On appeal from a district court's sentencing under the Federal Sentencing Guidelines, we review the district court's supporting factual findings under the clearly erroneous standard, and review disputed legal issues de novo." *United States v. Levy*, 992 F.2d 1081, 1083 (10th Cir. 1993). We give "due deference to the district court's application of the guidelines to the facts." *United States v. Patron-Montano,* 223 F.3d 1184, 1188 (10th Cir. 2000). "A district court's factual finding is clearly erroneous only if it is without factual support in the record or if this court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Id.* (quotations and citation omitted).

Section 3E1.1(a) of the United States Sentencing Guidelines allows a defendant a downward adjustment of his offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense . . . ." Application note

1(a) clarifies that a defendant must "truthfully admit[] the conduct comprising the offense(s) of conviction, and truthfully admit[] or not falsely deny[] any additional relevant conduct for which the defendant is accountable" in order to obtain the downward adjustment. Application note 1(a) also points out, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

At the original sentencing proceeding, McDonald challenged various factual statements in the PSR, including his drafting of an insufficient check in the amount of $10,000 and threatening Jim Weinrich, who sold McDonald a house paid for by a check with insufficient funds. McDonald also withdrew previous objections to the PSR's inclusion of an alias and its statement regarding his occupation of certain premises. In response, the government had to call three witnesses to testify to the validity of the factual assertions made in the PSR.

At the close of the hearing, the district court listed its reasons for denying a downward adjustment for acceptance of responsibility. Relying on the limitations in Application note 1(a), the district court held McDonald had frivolously contested relevant conduct determined to be true by the district court:

> Mr. McDonald has denied, in several respects, factual matters in the presentence report, one of which has been withdrawn with his now admission that he did use a particular alias, though he denied that in the presentence report. A defendant is responsible for the positions

-4-

taken in that report. He has otherwise disputed factual matters . . . regarding the checks that have been proven to be false. I have no reason to doubt [the testimony about] the circumstances regarding the threat. This is something that this defendant has denied, and falsely so, in this Court's judgment. And certainly . . . his denial that he did not occupy the premises was quite conclusively proven to be a false denial.

(R. Vol. II at 64-65.) At the resentencing hearing, the district court stated:

[A]ll the aspects of [this] issue were carefully considered by the Court at the time of [McDonald's] previous sentence and . . . very carefully explained . . . and the Court has nothing to add to that nor any reason to . . . revisit it. . . . The facts haven't changed, . . . the decision of the Court at the time was justified, there's nothing before the Court to suggest that it be any different, and the . . . request is denied for the same reasons that the Court articulated previously, and . . . a reviewing court would be referred to those reasons.

(R. Vol. III at 5-6.) Based on the record before us, the district court did not clearly err in denying McDonald a downward adjustment for acceptance of responsibility.

*II. Booker*

McDonald was originally sentenced on April 26, 2004, prior to the Supreme Court's decision in *Booker*. However, McDonald's resentencing occurred on September 15, 2005, after *Booker* was decided. On appeal, McDonald argues his "Sixth Amendment rights were violated by the imposition of a sentence beyond that which could have been imposed solely on the basis of the facts he admitted." (Appellant's Br. at 10.)

Although McDonald raised *Booker* in his initial appeal, he did not raise it

in either his initial sentencing or resentencing. Thus we review for plain error. FED. R. CRIM. P. 52(b).

Contrary to a common misconception, the effect of *Booker* was not to prohibit judicial fact-finding during sentencing. *United States v. Lawrence*, 405 F.3d 888, 890 (10th Cir.), *cert. denied*, 126 S.Ct. 468 (2005). Rather it simply rendered the guidelines advisory. *See United States v. Montgomery*, 439 F.3d 1260, 1262 (10th Cir. 2006); *United States v. Labastida-Segura,* 396 F.3d 1140, 1142 (10th Cir. 2005). In imposing the present sentence, the district court specifically noted "the guidelines are advisory." (R. Vol. III at 6.) Thus there was no Sixth Amendment error. We decline the invitation to hold the remedy imposed in *Booker* inadequate to correct its finding of a Sixth Amendment violation.

We also note that "[i]f . . . the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Such is the case here. McDonald does not argue on appeal that his sentence was unreasonable.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge