**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charlton J. MATOVSKY,**
**Defendant–Appellant.**

**No. 91–4081**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 17, 1991.

---

**2.** Harrison suffered his injuries on August 23 and December 6, 1985 and filed this suit in August of 1986.

Camille F. Gravel, Jr., Gravel, Brady & Berrigan, Alexandria, La., Helen G. Berrigan, Gravel, Brady & Berrigan, New Orleans, La., for defendant-appellant.

Josette L. Cassiere, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before CLARK, Chief Judge, JOLLY and JONES, Circuit Judges.

CLARK, Chief Judge:

Charlton J. Matovsky was convicted upon his guilty plea to interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314. He appeals from the sentence imposed. We affirm.

I

Matovsky was writing a doctoral dissertation at Florida State University. The university's library housed a special collection of books that Matovsky needed to complete his work. After a disagreement with his professor over the development of his dissertation, Matovsky left the university, taking with him many books that he had stolen from the special collection. Upon being confronted by F.B.I. agents, Matovsky admitted the theft and directed agents to the stolen books, including 400–500 from the Florida State University library, 48 from the Texas A & M University library, and 39 from the Northwestern Louisiana State University library.

Matovsky pleaded guilty to interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314. The district court determined the applicable offense level to be eight, which included an adjustment for acceptance of responsibility. Matovsky's criminal history level was zero. The resulting guideline range indicated from two to eight months imprisonment, optional supervised release, a fine of $1000 to $10,000, and a $50 special assessment. The district court sentenced Matovsky to eight months imprisonment, three years of supervised release, a $10,000 fine, and a $50 special assessment. He was also ordered to make restitution to Florida State University in the amount of $4,476.89, to cover the ship-

ping and inventory costs of returning the stolen books. The fine and restitution were to be paid on a schedule to be worked out by the United States Probation Office.

## II

Matovsky challenges only the sentence he received under the federal sentencing guidelines. He asserts that the district court failed to take into account his personal background and characteristics. He further contends that the fine of $10,000 is excessive, and that the district court failed to consider his ability to pay such a fine. Review of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside of the applicable guideline range and was unreasonable. 18 U.S.C. § 3742(e). We accept findings of fact that are not clearly erroneous. *United States v. Goodman*, 914 F.2d 696, 697–98 (5th Cir.1990).

## A

■■■ Matovsky does not dispute that the guideline range is correctly calculated. He argues only that the district court should have sentenced at the lower end of the range, or granted a downward departure, based on aspects of his character, background and mental/emotional condition. We give great deference to the district court when sentencing within a properly calculated guideline range. *Goodman*, 914 F.2d at 698. The district court found Matovsky's crime to have been committed over a long period of time, and that Matovsky was clearly aware of the illegality of his action. Matovsky's argument concerning the weight to be given to his character, background and emotional condition are not grounds for error. Indeed, "when the spread of an applicable Guideline range is less than 24 months, the district court is not required to state its reasons for imposing a sentence at a particular point within the applicable range." *United States v. Richardson*, 925 F.2d 112, 117 (5th Cir. 1991) (footnote omitted). The spread in

this case was only 6 months. The district court's decision to sentence at the top of the guideline range, as well as the decision not to depart downward, were both within that court's discretion. Neither were in violation of law, and must be affirmed. *United States v. Mueller*, 902 F.2d 336, 346 (5th Cir.1990).

## B

Fines for individual defendants are determined pursuant to U.S.S.G. § 5E1.2. This guideline provides that "[t]he court shall impose a fine in all cases, except in cases where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The guidelines are clear that "[t]he amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." U.S.S.G. § 5E1.2(e).

The district court must consider several factors when imposing a fine:

In determining the amount of the fine, the court shall consider:

(1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

(2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

(3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;

(4) any restitution or reparation that the defendant has made or is obligated to make;

(5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

(6) whether the defendant previously has been fined for a similar offense; and

(7) any other pertinent equitable considerations.

U.S.S.G. § 5E1.2(d). This guideline grants considerable discretion to the district court:

> If the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents, the court may impose a lesser fine or waive the fine. In these circumstances, the court shall consider alternative sanctions in lieu of all or a portion of the fine, and must still impose a total combined sanction that is punitive. Although any additional sanction not proscribed by the guidelines is permissible, community service is the generally preferable alternative in such instances.

U.S.S.G. § 5E1.2(f).

In this case, a fine of between $1000 and $10,000 was mandated. U.S.S.G. § 5E1.2(c)(3). Matovsky argues that the district court failed to consider or to articulate findings regarding the guideline factors when assessing his fine, particularly his ability to pay. It is clear that while the district court must consider these factors when determining the appropriate fine, the guidelines have placed the burden on the defendant to present evidence on these factors, particularly an inability to pay. *See, e.g., United States v. Bradley,* 922 F.2d 1290, 1298 (6th Cir.1991); *United States v. Rafferty,* 911 F.2d 227, 232 (9th Cir.1990); *United States v. Rowland,* 906 F.2d 621, 623 (11th Cir.1990). Because of the mandatory language of § 5E1.2(d), some courts have required the district court to make specific findings on the record that demonstrate these factors were considered before the fine was imposed. *United States v. Masters,* 924 F.2d 1362, 1369 (7th Cir.1991); *United States v. Walker,* 900 F.2d 1201, 1206 (8th Cir.1990); *United States v. Seminole,* 882 F.2d 441, 443 (9th Cir.1989). However, the guidelines set forth no requirement that the district court make express findings, and we decline to create one. *United States v. Mastropierro,* 931 F.2d 905, 906 (D.C.Cir. 1991). "So long as the sentencing judge in fact considers ability to pay, he is in compliance with the guidelines' mandates. Thus,

when the record demonstrates that the judge considered that factor before imposing the fine, the appellate court will not reverse the fine merely because no express finding was made but will review the finding of ability to pay necessarily implied by such consideration." *Id.*

The district court adopted the presentence report and resolved disputed facts concerning the amount of loss. The report contained a section on "Defendant's Ability to Pay," which indicated Matovsky's only assets were personal belongings valued at less than $1000. The report elsewhere indicated that he was currently unemployed, had no dependents, and was residing at home and dependent upon his mother for financial support. The report made no affirmative recommendation regarding his ability to pay. At his sentencing hearing, Matovsky made no challenge to this report asserting an inability to pay a fine, nor did he present evidence in any way challenging the parameters of a fine. When the district court imposed sentence, Matovsky raised no objection. Where the presentence report makes no recommendation concerning the fine, and the defendant neither presents evidence on nor objects to the amount of the fine assessed within the guideline range, the defendant may not raise new objections in this court absent plain error. *United States v. Smith,* 919 F.2d 123, 124 (10th Cir.1990); *see United States v. Lopez,* 923 F.2d 47 (5th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991). *Cf. United States v. Pattan,* 931 F.2d 1035, 1044 (5th Cir.1991) (rejection of presentence report recommending no fine based on undue burden to dependants requires explicit findings in support of fine). There was no plain error here. The district court considered all of the evidence presented. Matovsky was not in any way prevented from offering further evidence on this issue to the district court, where these factors are to be considered. *United States v. Wheelwright,* 918 F.2d 226, 232 (1st Cir.1990). Matovsky's only challenge to restitution encompassed "the same reasons stated above with respect to the fine."

Based on the record before the district court, it was not clearly erroneous to find

Matovsky able to pay his fine or to make restitution. There has been no showing that Matovsky will be unemployable after his prison term. To the contrary, he has had an extensive education. Matovsky has no dependents and lives at home, indicating minimal financial obligations. Recognizing that Matovsky is "currently without substantial assets or gainful employment and therefore unable to pay the full fines immediately, we nevertheless conclude that the record supports the judge's implicit finding that [he] can obtain employment and pay the fines over time." *Mastropierro*, 931 F.2d at 907. The clearly enunciated purpose of a fine is a punitive sanction, and it is not an abuse of discretion to impose a fine that "is likely to constitute a significant financial burden." *United States v. Doyan*, 909 F.2d 412, 414–15 (10th Cir. 1990). The record supports the fine and the restitution imposed. *See United States v. Fabregat*, 902 F.2d 331, 334 n. 1 (5th Cir.1990); *United States v. Hickey*, 917 F.2d 901, 907 (6th Cir.1990).

### III

The judgment of the district court is AFFIRMED.