IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10091
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PHILLIP DWAYNE SANFORD,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94CR00212
- - - - - - - - - -
(October 17, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Phillip Sanford appeals his sentence following his conviction of making a false statement to a firearms dealer in connection with the acquisition of a firearm.

The district court did not err by including the short-barreled shotgun in its calculation of Sanford's base offense level. First, the term "instant offense" in the Sentencing Guidelines includes relevant conduct. *See United States v. Harris*, 932 F.2d 1529, 1538-39 (5th Cir. 1991), *cert. denied*, 502 U.S. 897 & 917 (1991), *and cert. denied*, 502 U.S. 1049 (1992);

_____

        [*]      Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

U.S.S.G. § 1B1.3, comment. (backg'd.)  Second, the relevant guideline provides for an offense level of 22 "if the defendant had one prior felony conviction of either a crime of violence or a controlled substance offense, and the instant offense involved a firearm listed in 26 U.S.C. § 5854(a)[.]"  § 2K2.1(a)(3). Sanford's shotgun satisfies the definition of a firearm in 26 U.S.C. § 5845(a).

Sanford's offense is subject to grouping under the guidelines.  § 3D1.2.  Conduct that is relevant to an offense subject to grouping includes those acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction."  § 1B1.3(a)(2).

Sanford purchased the 9mm. pistol on January 23.  Police saw several firearms at Sanford's residence on January 27 and seized the short-barreled shotgun from the residence on January 31. Sanford possessed the pistol and the shotgun simultaneously. Because he was a convicted felon, Sanford was prohibited from possessing any firearm or ammunition.  18 U.S.C. § 922(g)(1).  Sanford's simultaneous possession of the pistol and shotgun are sufficiently related for the possession of the shotgun to be relevant to Sanford's conviction for making a false statement on the BATF form.

Next, the guidelines do not prohibit double-counting "`where a single act is relevant to two dimensions of the Guideline analysis.'"  *United States v. Kings*, 981 F.2d 790, 796 (5th Cir. 1993)(citation omitted), *cert. denied*, 113 S. Ct. 1323 (1993).  A previous conviction may be relevant to determine both a

defendant's offense level and his criminal history score. *Id*. at 796-97. Sanford's robbery conviction was relevant to his base offense level, which was based in part on his status as a convicted felon. *See* § 2K2.1(a)(3). The conviction also was relevant to Sanford's criminal history score. *See* § 4A1.1(a). The double-counting of Sanford's robbery conviction was permissible under the guidelines.

Additionally, "[r]eview of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside of the applicable guideline range and was unreasonable." *United States v. Matovsky*, 935 F.2d 719, 721 (5th Cir. 1991). A district court need not provide any reason for sentencing a defendant to a particular point within the applicable guideline range if the spread of that range is less than 24 months. *Id.* Sanford's guideline sentencing range was 46 to 57 months, an 11-month spread. *See* § 5A, Sentencing Table. Sanford's 57-month sentence was within the applicable guideline range. The district court need not have provided any reason for selecting that penalty. The reason offered by the district court, Sanford's criminal past, was not an illegal consideration or a misapplication of the guidelines. *See United States v. Webb*, 950 F.2d 226, 231-32 (5th Cir. 1991), *cert. denied*, 504 U.S. 961 (1992).

AFFIRMED.