IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40284
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NICHELLE RENAYE WILSON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:95-CR-25-2
- - - - - - - - - -
October 21, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nichelle Renaye Wilson appeals her sentence for conspiracy to commit fraud in connection with access devices and for fraud in connection with access devices. See 18 U.S.C. §§ 2, 371, 1029(a)(2). She argues that the sentences meted out to her and her codefendant were widely disparate based solely on the differences in their criminal past and that she should have been sentenced to the lower end of the sentencing range, 27 months. The argument lacks citation to the record and to any applicable

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

law.  See Fed. R. App. P. 28(a)(6).  Even if the argument was properly presented, there is no legal issue for our consideration.

A district court has discretion to sentence within the applicable range when the range does not exceed 24 months.  United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991).  The range in question spans six months.  A guideline sentence is "upheld unless the appellant demonstrates that it was imposed in violation of the law, was imposed as a result of an incorrect application of the guidelines, or was outside the range of the applicable guidelines and was unreasonable."  United States v. Harris, 104 F.3d 1465, 1474 (5th Cir. 1997), cert. denied, 66 U.S.L.W. 3256 (U.S. Oct. 6, 1997).

This appeal is frivolous and is thus DISMISSED.  See 5th Cir. R. 42.2.  Counsel is hereby warned that pursuing frivolous appeals invites sanctions.  See United States v. Burleson, 22 F.3d 93, 95 (5th Cir. 1994).  An appointed attorney who believes his client's case is frivolous should file a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in conjunction with a motion to withdraw from representation of the defendant.

APPEAL DISMISSED.  SANCTION WARNING ISSUED.