IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-60426

Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY BUTLER

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
(00-CR-167)

December 6, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Stanley Butler appeals his conviction and sentence for extortion in violation of the Hobbs Act, 18 U.S.C. § 1951(a). We reject all of his arguments and affirm both his conviction and sentence.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A police informant, Russell Davis, approached the FBI in Jackson, Mississippi with information about corrupt police officers. Davis began undercover work for the FBI posing as a drug dealer looking for police protection for his criminal operations. He began paying police officer Ronald Youngblood to provide such protection. Youngblood, when confronted by the FBI with the evidence against him, agreed to cooperate with the investigation.

Youngblood led the FBI to another police officer, Stanley Butler. Youngblood had previously had discussions with Butler about providing protection for Davis. Now cooperating with the FBI, Youngblood had further discussions with Butler during which Butler agreed to provide protection for Davis' drug operation. Youngblood gave Butler $200 on two separate occasions in exchange for this commitment. Youngblood wore an audio recording device for some of these conversations and was able to record five of them. After recording these conversations, Youngblood reviewed the tapes and transcripts and signed and dated them.

Butler was convicted after a jury trial of extortion under color of official right in violation of 18 U.S.C. § 1951(a). He was sentenced to 12 months of imprisonment.

II

A

Butler first argues that the trial court's failure to instruct the jury that it must find the *quid pro quo* element of extortion beyond a reasonable doubt is reversible error.[1] Since Butler did not challenge the instructions at trial, our review is for plain error only.[2] "The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[3]

The trial court used the Fifth Circuit Pattern Jury Instruction on Hobbs Act extortion.[4] The jury was instructed that in order to convict, they must find that the government proved "the following three essential elements beyond a reasonable doubt: First: That the defendant wrongfully obtained property from another with that person's consent; Second: That the defendant did so under color of official right; and Third:

---

[1] We have not held, and the Government does not concede, that *quid pro quo* is an element of an offense under § 1951 when the offense does not involve campaign contributions to elected officials. Under those circumstances, the Supreme Court has found that *quid pro quo* is an element of the offense. *See McCormick v. United States*, 500 U.S. 257, 273, 274 (1991). However, proof of a *quid pro quo* is especially necessary in the campaign contribution context, because otherwise all campaign contributions could conceivably violate the Hobbs Act. *Id.* We assume, without deciding, that *quid pro quo* is an element of the offense charged here.

[2] *United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999).

[3] *United States v. Olano*, 507 U.S. 725, 736 (1993).

[4] Fifth Circuit Pattern Jury Instruction 2.74 (1998).

That the defendant's conduct interfered with interstate commerce."  While the court did not explicitly provide that *quid pro quo* was an element of the offense, the court went on to further define each of these "three essential elements," including this instruction:

> Wrongfully obtaining property under color of official right is the taking or attempted taking by a public officer of property not due to him or his office, whether or not the public official employed force, threats, or fear.  In other words, the wrongful use of otherwise valid official power may convert dutiful action into extortion.
>
> If a public official accepts or demands property *in return for promised performance or nonperformance of an official act*, the official is guilty of extortion (emphasis added).

We have previously upheld the use of this instruction against a challenge that it failed to distinguish between lawful payments and Hobbs Act extortion and seriously impaired the ability of the accused to present their defense.[5]  We find no error, plain or otherwise, in this instruction, which sufficiently conveyed the *quid pro quo* requirement.[6]

---

[5] *United States v. Box*, 50 F.3d 345, 355 (5th Cir. 1995).

[6] *See United States v. Tomblin*, 46 F.3d 1368, 1380 & n.16 (5th Cir. 1995) (finding similar jury instruction adequate to convey *quid pro quo* requirement in bribery case).

Butler next claims that the audio tapes were inadmissible as not properly authenticated because a chain of custody was not established for the time period between the taping and authentication of the tapes by Youngblood. Butler objected to the admission of the tapes at trial, and we review the district court's decision to admit the audio tapes for abuse of discretion.[7]

There is no chain of custody requirement for the admission of audio tapes in this circuit and under the Federal Rules of Evidence authentication is satisfactory when there is "evidence sufficient to support a finding that the matter in question is what the proponent claims."[8] Participants to the conversation can authenticate tapes if they testify that the tapes are accurate representations of the conversations recorded.[9]

In this case Youngblood testified as to the means of recording, the accuracy of the recording, and the identity of the participants of the conversation (himself and Butler).[10] Butler

---

[7] *United States v. DeLeon*, 247 F.3d 593, 597 (5th Cir. 2001).

[8] Fed R. Evid. 901(a).

[9] *United States v. Lance*, 853 F.2d 1177, 1181-82 (5th Cir. 1988) (holding tapes properly authenticated where "law enforcement agents who participated in the taped conversations testified that, according to their memories, the audio and video tapes contained accurate recordings of the conversations that occurred").

[10] Youngblood did admit, however, that he did not control the activation and deactivation of the recording device.

testified that the tapes were not fully accurate reproductions of the conversations.  However, "[w]e do not require district courts to find that authenticity is conclusively established before allowing the admission of disputed evidence."[11]  We therefore find no abuse of discretion in the admission of the audio tapes.

C

Finally Butler challenges his sentence, arguing that the trial court erred in punishing him for exercising his right to trial by sentencing him to the maximum term of imprisonment within the range specified by the guidelines.  "Review of sentences imposed under the guidelines is limited to a determination whether the sentence was imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or was outside of the applicable guideline range and was unreasonable."[12]  As Butler's sentence was within the guideline range and the application of the guidelines is not here in dispute, we need ask only whether the sentence imposed was in violation of law.

At sentencing Butler objected to his apparent unfair sentencing when compared to another police officer, Nathan

---

[11] *Baulch v. Johns*, 70 F.3d 813, 816 (5th Cir. 1995) (citing *Lance*, 853 F.3d at 1181).

[12] *United States v. Matovsky*, 935 F.2d 719, 721 (5th Cir. 1991).

6

Thomas, who had committed similar offenses but had plead guilty and argued that he should not be penalized for exercising his right to a trial. The Government argues that since Butler did not object to the actual sentence our review is for plain error.

Assuming *arguendo* that the imposition of the maximum allowable sentence because of a lack of cooperation and refusal to accept responsibility is in violation of law, we would nevertheless affirm Butler's sentence. The trial court gave ample reasons for the sentence wholly apart from Butler's refusal to accept responsibility (which was discussed only as one distinction between Butler and Thomas).[13] The guidelines provide that the trial court can "consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."[14] Furthermore, "when the spread of an applicable Guideline range is less than 24 months, the district court is not required to state

---

[13] The trial court stated, upon sentencing, that:

> It's outrageous for any police officer to sully the record of the police department in his town. The very basis of our society are laws, and the enforcers of those laws ought to be diligent in obeying those laws. You have not been and you are suffering the consequences.
>
> ****
>
> You have let yourself down. You have let your family down. You have let your parents down who raised you to be the kind of man that you were before you engaged in this. But most importantly you have let your city down. *I can't do anything under these circumstances other than sentence you to the maximum available under the guidelines* (emphasis added).

[14] U.S.S.G. § 1B1.4.

7

its reasons for imposing a sentence at a particular point within the applicable range."[15]  Accordingly we find no error, plain or otherwise.

## III

For the foregoing reasons, Butler's conviction and sentence are AFFIRMED.

---

[15] *Matovsky*, 935 F.2d at 721 (quoting *United States v. Richardson*, 925 F.2d 112, 117 (5th Cir. 1991)).