IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20659
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO CESAR AGUILAR-PEREZ

Defendant-Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-851-1
--------------------
March 18, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Aguilar-Perez appeals his sentence after pleading guilty to illegally reentering this country, in violation of 8 U.S.C. § 1326(a), (b)(2). Aguilar argues that the district court erred in applying an eight-level increase to his base offense level for a prior conviction for simple possession of cocaine. He argues that mere possession is not an aggravated felony under the Sentencing Guidelines. This argument is foreclosed by our decision

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in United States v. Caicedo-Cuero, 312 F.3d 697, 706-09 (5th Cir. 2002). There we held that simple drug possession is an aggravated felony under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2. Id. at 708.

Aguilar also argues that the term "aggravated felony" is unconstitutionally vague and that the rule of lenity should operate to reduce his sentence. The meaning of "aggravated felony" is unambiguous; the rule of lenity is not applicable here. See United States v. Rivera, 265 F.3d 310, 312 (5th Cir. 2001) (citing United States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997)). The district court did not err when it increased Aguilar's base offense level by eight levels due to his prior possession conviction.

Next, Aguilar argues that the district court erred by not stating in open court its reasons for sentencing him to 37 months' imprisonment within a guideline range of 30 to 37 months. When, as here, the spread of an applicable Guideline range is less than 24 months, the district court is not required to state its reasons for imposing a sentence at a particular point within the applicable range. See United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991).

Last, Aguilar argues that the district court erred when it denied his request for a downward departure. We review a refusal to depart only if the district court erroneously believed it lacked the authority to depart. United States v. Davis, 226 F.3d 346, 359

(5th Cir. 2000). There must be "something in the record [to] indicate that the district court held such an erroneous belief." <u>United States v. Landerman</u>, 167 F.3d 895, 899 (5th Cir. 1999). There is no indication in the record that the court believed it lacked authority to depart. The judgment of the district court is **AFFIRMED.**