United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40435
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MANUEL GONZALEZ-RODRIGUEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-578-1
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Manuel Gonzalez-Rodriguez pleaded guilty, pursuant to a

written agreement, to aiding and abetting the possession with

intent to distribute more than 500 grams of cocaine in violation

of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

He appeals the 46-month sentence imposed by the district court.

     For the first time on appeal, Gonzalez argues that the

district court erred by "rejecting" his plea agreement at

sentencing without giving him proper notice and a chance to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdraw his plea.  This argument is factually frivolous because the district court did not reject Gonzalez' plea agreement. Instead, the district court merely rejected the Government's recommendation, contained in the plea agreement, that Gonzalez be sentenced at the low end of the applicable guideline range. Gonzalez has not shown error, plain or otherwise, with respect to this issue.  See United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Gonzalez also argues for the first time on appeal that the district court erred in sentencing him at the top of the applicable guideline range.  Because the district court imposed a sentence from within the applicable guideline range and that sentence was not in violation of law, the district court did not abuse its discretion in selecting Gonzalez' sentence. See 21 U.S.C. § 841(b)(1)(B); United States v. Matovsky, 935 F.2d 719, 721 (5th Cir. 1991).

AFFIRMED.