**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2012

Lyle W. Cayce
Clerk

No. 11-41086
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR MORIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-938-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Omar Morin appeals the below-Guidelines $1,000 fine imposed as part of his sentence for transporting an illegal alien for private financial gain. We AFFIRM.

The fine must be paid in $50 monthly installments beginning 60 days after his release from prison. According to Morin, the Government failed to show that he has the ability to pay a fine. The district court implicitly found that, while Morin has no present ability to pay, he has the future earning capacity to satisfy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the fine.  Defense counsel admitted that there is no reason why Morin cannot work, and the presentence report (PSR) described him as a 21-year-old United States citizen who lives with his parents and has no physical impediments, health problems, substance abuse issues, or dependents.  The finding on Morin's ability to pay is plausible in light of the record as a whole and is not clearly erroneous.  *See United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994); *United States v. Rogers*, 1 F.3d 341, 342 (5th Cir. 1993).

Next Morin contends that the district court incorrectly assumed that he would become able to pay the fine so long as he was motivated to get a job.  The burden was on Morin to prove his inability to pay, and he made "no showing that [he would] be unemployable after his prison term."  *United States v. Matovsky,* 935 F.2d 719, 723 (5th Cir. 1991).

Morin also contends that the district court failed to make required findings on his ability to pay.  However, because the PSR did not recommend against imposing a fine, the district court was not required to make express findings on Morin's ability to pay.  *See United States v. Voda*, 994 F.2d 149, 155 n.14 (5th Cir. 1993); *Matovsky*, 935 F.2d at 722.  Morin fails to show error, plain or otherwise.

According to Morin, the district court relied on improper factors to determine the amount of the fine, including the court's perception that he needed a shock or an incentive to get a job because it was time for him to grow up.  The district court clearly indicated that the purpose of the sentence, including the fine, was to deter Morin from committing future crimes.  The need for deterrence was a proper consideration in determining the amount of the fine. *See* 18 U.S.C. § 3572(a); 18 U.S.C. § 3553(a)(2)(B); U.S.S.G. § 5E1.2(d)(1).  While the district court discussed its opinion that Morin needed to get a job and "grow up," it was in the context of encouraging him to avoid trouble in the future.

Morin also notes that he has no prior convictions and contends the $1,000 fine was not required to punish him, deter him, or promote respect for the law.

No. 11-41086

The district court considered Morin's history and characteristics and the need for deterrence. Morin's disagreement with the district court's weighing of the sentencing factors does not show that the court committed error, plain or otherwise, in imposing the below-guidelines sentence. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *United States v. Hernandez,* 633 F.3d 370, 375-76 (5th Cir.), *cert. denied,* 131 S. Ct. 3006 (2011).

Citing a Tenth Circuit case, Morin further contends that the district court was required to indicate that it considered all of the relevant factors prior to imposing the fine. We do not require such an indication on the record. *See Matovsky,* 935 F.2d at 722. Morin also cites § 5E1.2(d)(3) for the proposition that "the district court should have considered alternative punishments" because of his family's "dire economic situation." Section 5E1.2(d)(3) states that the court "shall consider . . . the burden that the fine places on the defendant and his dependents relative to alternative punishments." Morin has no dependents, and the district court expressly found that the burden on him would not be too great. He also contends that the district court improperly considered his employment history in imposing the fine, citing U.S.S.G. § 5H1.5 (p.s.). The policy statement provides that an employment record "is not ordinarily relevant in determining whether a departure is warranted." § 5H1.5 (p.s.). By its own wording, it does not apply here because Morin's fine was not the result of a departure. *See id.* We find no plain error. *See Puckett v. United States,* 556 U.S. 129, 135 (2009).

Finally, for the first time in his reply brief, Morin asserts that his sentence is procedurally unreasonable because the district court imposed the fine at the end of the sentencing hearing without first asking the parties for their positions. We will not consider issues raised for the first time in a reply brief. *United States v. Jackson,* 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.

3