# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2013

No. 12-30734
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RAMIRO REYES-SANCHEZ, also known as Ramiro Sanchez-Sanchez, also known as Reyes Ramiro Sanchez, also known as Ovidio Mejilla-Escorcia, also known as Daniel Pena,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-108-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ramiro Reyes-Sanchez (Reyes) appeals his 20-month sentence of imprisonment and $5000 fine imposed following his guilty-plea conviction for being found unlawfully present in the United States following deportation. Reyes argues that the district court failed to provide adequate reasons for making a variance six months above the top of the sentencing guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He complains that the district court failed to give consideration to his altruistic reasons for entering the United States and gave too much weight to his past misdemeanor offenses and his informal removals from the country that had occurred fourteen years earlier.

Because Reyes did not specifically object in the district court to the district court's failure to articulate adequate reasons for the sentence, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). In imposing a sentence six months above the guidelines range, the district court considered the arguments of the parties, Reyes's criminal conduct and history, the need for deterrence, and the protection of the public. The record reflects that the district court gave fact-specific reasons for the variance, which included consideration of the relevant § 3553(a) sentencing factors and that it did not give undue significance to any irrelevant factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Reyes has not demonstrated that the district court failed to articulate adequate reasons for the sentence and, thus, he has failed to show procedural error, plain or otherwise, that rendered his sentence unreasonable. *See Puckett,* 556 U.S. at 135*; United States v. Gall*, 552 U.S. 38, 51 (2007).

Insofar as Reyes objected in the district court to the reasonableness of the sentence, he has not shown that the variance reflected an abuse of discretion on the part of the district court, and thus, he has not demonstrated that the sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51; *Rita v. United States*, 551 U.S. 338, 356 (2007).

Reyes also challenges the fine imposed, arguing that it is substantively unreasonable because the district court ignored the statement in the presentence report (PSR) reflecting his inability to pay a fine based on his then-current financial status. He contends that the district court was required to make specific findings to support the fine, and he also complains about paying a portion of the fine out of his prison wages.

This court reviews the reasonableness of a defendant's sentence, including a fine, for abuse of discretion. *See United States v. McElwee*, 646 F.3d 328, 338-39, 340 n.8 (5th Cir. 2011). Reyes did not object to the district court's consideration of his future earning capacity in imposing the fine, and thus, that argument is reviewed for plain error. *See Puckett,* 556 U.S. at 135.

The Guidelines state that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). If the district court adopts the PSR but does not rely on the recommendation concerning the payment of a fine, it is required to make specific findings with respect to the defendant's ability to pay a fine. *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999).

The district court's ruling was not contrary to the PSR's recommendation based on Reyes's then-current financial status because the district court imposed the fine based on Reyes's future ability to pay the fine. Furthermore, although not required to do so, the district court provided specific reasons for its determination that Reyes had the future ability to pay the fine. It pointed out that Reyes had prior work experience and would be only 35 years old when his sentence was completed and that he had reported no physical or mental problems precluding his employment. Reyes has not disputed these facts. The district court's determination that Reyes had the future ability to pay the fine was plausible based on the record and does not reflect an abuse of discretion or a clear or obvious error. *See United States v. Rodriguez*, 15 F.3d 408, 414-15 (5th Cir. 1994); *Puckett*, 556 U.S. at 135. The district court was also entitled to order Reyes to have a portion of any income earned in prison attributed to the payment of the fine. *See. United States v. Brantley*, 537 F.3d 347, 351-52 (5th Cir. 2008) (affirming the imposition of a fine in part on the defendant's ability to pay installments from his prison wages). The fact that the fine may impose a financial burden upon him is not grounds to vacate the fine. *See United States*

*v. Matovsky*, 935 F.2d 719, 723 (5th Cir. 1991).  The district court did not abuse its discretion in imposing the fine.  The sentence is AFFIRMED.