# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 14-30223

—————

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY REUBEN RILEY,

Defendant-Appellant

Consolidated with No. 14-30226

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL PAUL BOYTER,

Defendant-Appellant

—————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-205-3
USDC No. 5:12-CR-205-2

—————

No. 14-30223 c/w 14-30226

Before JONES and HAYNES, Circuit Judges, and CRONE, District Judge.*

PER CURIAM:**

Anthony Reuben Riley pleaded guilty to a superseding indictment charging him with two counts of filing a false Form 8300. Michael Paul Boyter, who was charged in the same superseding indictment, pleaded guilty to one count of wire fraud and one count of attempt to evade or defeat tax. In connection with their guilty pleas, Boyter and Riley entered into a "Consent Decree of Forfeiture," whereby they agreed to be jointly and severally liable for a monetary judgment in the amount of $1.3 million dollars. As to Riley, the district court imposed a 15-month sentence and an above-guidelines fine in the amount of $100,000 ($50,000 as to each count). Boyter received a 60-month sentence, was ordered to pay restitution in the amount of $290,381, and was assessed an above-guidelines fine in the amount of $200,000 ($100,000 as to each count). Both Riley and Boyter appeal the district court's imposition of an above-guidelines fine. Their cases have been consolidated on appeal.

This court reviews the reasonableness of a defendant's sentence, including a fine, for abuse of discretion. *See United States v. McElwee*, 646 F.3d 328, 337–40 & n.8 (5th Cir. 2011). "A district court's finding on a defendant's ability to pay a fine is a factual one, subject to appellate review under the clearly erroneous standard." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). The defendant bears the burden of establishing an inability to pay. *McElwee*, 646 F.3d at 338–39.

---

* District Judge for the Eastern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 14-30223 c/w 14-30226

Riley asserts that the district court failed to adequately consider the statutory factors in 18 U.S.C. § 3553(a) and § 3572, as well as United States Sentencing Guidelines ("U.S.S.G.") § 5E1.2(d), to justify a fine above the recommended advisory range. Riley asserts the district court failed to consider his ability to pay the fine given his term of imprisonment, the forfeiture of all business assets, and the $1.3 million civil judgment he is jointly and severally liable for paying. Riley contends that the $100,000 fine is excessive and unreasonable and therefore should be vacated.

Riley's objection to the fine before the district court—that it "constitutes an upward departure"—did not inform the court that it may have erred by failing to consider the appropriate statutory factors, including Riley's ability to pay a fine. Accordingly, Riley's argument is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Riley must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Riley makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record reveals that, contrary to Riley's assertion, the district court considered all the relevant statutory balancing factors, as well as the factors set forth in § 5E1.2(d). In considering the need for the combined sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, *see* U.S.S.G. § 5E1.2(d)(1); 18 U.S.C. § 3553(a)(2)(A), (B), the district court noted that Riley's actions helped to facilitate the drug trafficking trade. Further, although Riley had no prior criminal history himself, the district court noted that his actions aided criminals with extensive criminal histories. *See* § 3553(a)(1). The court further

noted that Riley benefitted financially from the criminal enterprise, which the court described as a "financially motivated crime." Because the presentence report ("PSR") did not recommend against imposing a fine, the PSR did not trigger a requirement that the district court make express findings on Riley's ability to pay. *See United States v. Voda*, 994 F.2d 149, 155 n.14 (5th Cir. 1993); *United States v. Matovsky*, 935 F.2d 719, 722 (5th Cir. 1991). Additionally, Riley did not object to the financial information provided in the PSR, nor offer any evidence to show that he was unable to pay a fine. *See Matovsky*, 935 F.2d at 722. Riley's disagreement with the district court's weighing of the sentencing factors does not show that the court committed error, plain or otherwise, in imposing the $100,000 fine. *See United States v. Hernandez*, 633 F.3d 370, 375–76 (5th Cir. 2011).

Boyter contends that the fine imposed in his case is unreasonable given that he is "financially destroyed" due to the $1.3 million monetary judgment and $290,391 restitution order. Boyter points out his indigent status and contends that the fine would be unduly burdensome to his family who is dependent on him, especially given the other financial obligations that have resulted from his convictions. Boyter further asserts that the district court improperly considered his socioeconomic status when imposing the above-guidelines fine. Boyter contends the fine was greater than necessary and unwarranted based on the relevant factors, and therefore should be vacated.

As with Riley, the PSR did not make a recommendation as to whether a fine should be imposed after setting forth the costs of incarceration. Although a defendant can rely on a PSR to establish an inability to pay, *see United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002), the PSR did not necessarily indicate that Boyter was unable to pay a fine. In his reply brief, Boyter acknowledges that the $1.3 million monetary judgment and restitution debt

have been paid in full, but asserts that he is now indigent. The fact that Boyter may be indigent and that the fine may impose a financial burden upon him, however, are not grounds to vacate the fine. *See Matovsky*, 935 F.2d at 723; § 5E1.2(d).

Additionally, Boyter's argument that the district court improperly considered his socioeconomic status when imposing the fine is unavailing. When the court's statement is reviewed in its entirety, it is evident that the district court did not consider Boyter's socioeconomic status when choosing to vary from the guideline range. *Cf. United States v. Painter*, 375 F.3d 336, 339 (5th Cir. 2004). Rather, the district court properly considered the circumstances of the offense, which included the financial motivation behind the crime. *See* 18 U.S.C. § 3553(a)(1); U.S.S.G. § 5E1.2(d)(1). The district court also properly considered the length of time the conspiracy lasted, the fact that Boyter assisted the drug trafficking trade, and the need to promote respect for the law. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A); U.S.S.G. § 5E1.2(d)(1). Boyter has failed to show that the district court abused its discretion in imposing the $200,000 fine. *See McElwee*, 646 F.3d at 337–40 & n.8.

AFFIRMED.