# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10411
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDAL JOSEPH BOOKOUT, also known as Randall Joseph Bookout,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-69-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Randal Joseph Bookout was convicted, pursuant to his guilty plea, of possession with intent to distribute methamphetamine. His punishments included a 210-month term of imprisonment and a $100,000 fine.

For the first time on appeal, Bookout contends that he should have been awarded a two-level minor role adjustment under U.S.S.G. § 3B1.2(b). Noting that the Presentence Report (PSR) describes a larger drug distribution scheme,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10411

Bookout, relying on changes to the commentary to § 3B1.2 made by Amendment 794 to the Sentencing Guidelines, asserts that an adjustment was warranted because the record provides no indication that he planned or organized the distribution of illegal substances other than obtaining methamphetamine to support his personal habit and the habits of his friends. He further contends that a minor role adjustment was appropriate because the record does not show that he made a profit from his methamphetamine transactions and that there is no indication that he exercised decision-making authority.

As Bookout concedes, his failure to object in the district court results in plain error review. *See United States v. Reyna*, 358 F.3d 344, 348 (5th Cir. 2004) (en banc). To establish plain error, Bookout must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he does so, we will exercise our discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Whether Bookout was a minor or minimal participant under § 3B1.2 is a factual determination. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). Bookout cannot obtain relief under the applicable plain error standard because, under our precedent, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Guerrero*, 5 F.3d 868, 871 (5th Cir. 1993) (internal quotation marks and citation omitted); *see United States v. Fierro*, 38 F.3d 761, 774 (5th Cir. 1994). Moreover, our review shows that the record does not support a determination that Bookout was "substantially less culpable than the average participant in the criminal activity." § 3B1.2,

2

comment. (n.3(A)).  Bookout has failed to show clear or obvious error.  *See Puckett*, 556 U.S. at 135.

Bookout also contends, for the first time on appeal, that the district court erred procedurally and substantively by determining that he had the ability to pay a fine from the proceeds of a trust fund.  We review for plain error.  *See United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999).

Here, while the PSR noted that Bookout had a negative net worth, it did not recommend against imposition of a fine, and therefore the PSR did not trigger a requirement that the district court make express findings on Bookout's ability to pay.  *See United States v. Voda*, 994 F.2d 149, 155 n.14 (5th Cir. 1993); *United States v. Matovsky*, 935 F.2d 719, 722 (5th Cir. 1991).  Nevertheless, the district court found that Bookout had the ability to pay a fine on the basis of information in the PSR that showed he is the beneficiary of a trust fund.  Although a defendant may use the PSR as proof of inability to pay, it is the defendant's burden to establish an inability to pay a fine, *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002), and Bookout failed to object to the district court's determination that he could pay a fine, nor did he present any evidence to show that he did not have the present or future ability to pay a fine based on the trust fund.  The record does not support Bookout's assertion that the district court erred under *United States v. Painter*, 375 F.3d 336, 339 (5th Cir. 2004), by considering the affluence of his parents in determining his sentence.  Bookout has not overcome the presumption of reasonableness that applies to the fine, which was within the guidelines range found at U.S.S.G. § 5E1.2(c)(3).  *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 221 (5th Cir. 2015); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Bookout's claim fails as he has not shown plain error.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.