# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-30249
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRADY D. ALSUP,

Defendant - Appellant

————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-222-1

————————

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brady D. Alsup pleaded guilty to possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g), and received, *inter alia*, a below-Guidelines sentence of 63 months' imprisonment, and a within-Guidelines fine of $10,000. Alsup challenges only the imposition of the fine, asserting he lacks the ability to pay it.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-30249

Reasonableness of a fine is reviewed for abuse of discretion; factual findings, for clear error. *E.g.*, *United States v. McElwee*, 646 F.3d 328, 337–40 (5th Cir. 2011); *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (citing *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001)).

The Sentencing Guidelines command courts to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine". U.S.S.G. § 5E1.2(a). However, "it is not an abuse of discretion to impose a fine that is likely to constitute a significant financial burden". *United States v. Matovsky*, 935 F.2d 719, 723 (5th Cir. 1991) (internal citation omitted). "The defendant bears the burden of proving his inability to pay a fine." *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002).

"As a general rule, information in the [PSR] is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015) (alteration in original) (internal citation omitted). The court adopted the PSR's factual findings, including its finding Alsup had the ability to pay a fine.

Alsup has not met his burden to show he is unable to pay. *E.g.*, *Magnuson*, 307 F.3d at 335. At his sentencing hearing, Alsup informed the court he still owns 109.5 acres of land. The PSR also lists nine vehicles Alsup owns and their estimated values. Although Alsup objected that two of the listed vehicles were overestimated in value, his objections to the PSR do not "suffice as competent rebuttal evidence". *United States v. Gutierrez-Mendez*,

2

No. 17-30249

752 F.3d 418, 429 (5th Cir. 2014) (objections not rebuttal evidence).  Further, the PSR estimated the seven other vehicles have a net value of $165,000, and Alsup presented no evidence to rebut that determination.

The PSR also noted Alsup ran his own business before his arrest and determined he could pay the fine in monthly installments based on his income after he is released from custody.  Alsup presented no evidence to rebut this finding.

The court's finding that Alsup has the ability to pay a $10,000 fine is plausible in the light of the record as a whole and is, therefore, not clearly erroneous.  *E.g.*, *United States v. Longstreet*, 603 F.3d 273, 276 (5th Cir. 2010).  And, Alsup has not shown the court's imposition of the fine was an abuse of discretion.  *E.g.*, *McElwee*, 646 F.3d at 339–40; *United States v. Pacheco-Alvarado*, 782 F.3d 213, 221 (5th Cir. 2015) (applying presumption of reasonableness to within-Guidelines fine).

AFFIRMED.