# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN AARON PARUM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-2-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Steven Aaron Parum appeals his guilty plea conviction of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court erred by failing to consider the burden imposed on his dependents before imposing a $30,000 fine. He also argues that the district court impermissibly delegated to the probation office the authority to establish a payment schedule for the fine and that an ambiguity exists

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regarding the oral pronouncement of sentence and the written judgment regarding establishment of and approval of a schedule for paying the fine.

Because Parum did not object to the district court's imposition of the fine, this court's review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Pacheco-Alvarado*, 782 F.3d 213, 220-21 (5th Cir. 2015). Where, as in the instant case, the district court imposes a fine that is within the applicable guidelines range, the fine is presumed reasonable. *See Pacheco-Alvarado*, 782 F.3d at 220-21.

The PSR indicated that Parum had the ability to pay a fine, and Parum bore the burden of establishing his inability to pay. *See United States v. Fair*, 979 F.2d 1037, 1041-42 (5th Cir. 1992); *United States v. Matovsky*, 935 F.2d 719, 722 (5th Cir. 1991). The district court explicitly determined that Parum had the ability to pay a fine and, through its adoption of the PSR, the district court sufficiently considered facts relevant to the 18 U.S.C. § 3572(a) factors, including the impact of the fine on Parum's dependents. *See* § 3572(a)(2); *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994). More explicit rationale is not necessary in light of Parum's failure to object to the finding that he had the ability to pay a fine. *See United States v. Voda*, 994 F.2d 149, 155 n.14 (5th Cir. 1993*); Matovsky*, 935 F.2d at 722. Accordingly, the district court did not commit plain error in imposing the $30,000 fine. *See Puckett*, 556 U.S. at 135.

To the extent Parum argues that there exists a conflict between the written judgment and the district court's oral pronouncement of sentence, this court's review is for abuse of discretion. *See United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). "[U]nclear or ambiguous sentences must be vacated and remanded for clarification in the interest of judicial economy and

fairness to all concerned parties." *United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006) (internal quotation marks and citation omitted).

An ambiguity exists in the record regarding whether the district court intended to approve a payment schedule for the fine, as set forth in the written judgment, or whether the district court intended to delegate establishment of a payment schedule to the probation officer, as set forth at the sentencing hearing. The provision regarding establishment of the payment schedule in the written judgment is therefore vacated and a limited remand is ordered for the purpose of clarifying this ambiguity. *See United States v. Franklin*, 838 F.3d 564, 566-68 (5th Cir. 2016); *Pacheco-Alvarado*, 782 F.3d at 222-23.

The judgment of the district court is AFFIRMED IN PART; the portion of the judgment relating to establishment of a payment schedule is VACATED; a LIMITED REMAND IS ORDERED for the purpose of clarifying the ambiguity regarding establishment of and approval of a fine payment schedule.